REDDICK McKEE, plaintiff in error, *v.* JACOB RETTER *et al.*, defendants in error.

*Error to Fulton.*

A. sold to B. a quantity of wheat, and received a small sum in part payment. The vendor executed an instrument in writing stating the bargain, and agreed to deliver the wheat at a place mentioned therein by a specified time, put up in sacks, and in good shipping order, the sacks to be furnished by the purchaser of the wheat as soon as they could be obtained from St. Louis, and the balance of the purchase money was to be paid on presentation of the warehouse receipts. The sacks were not furnished, nor was the wheat delivered. The declaration averred a readiness to deliver the sacks, and the neglect of the vendor to deliver the wheat: *Held,* that the delivery of the wheat was a condition precedent.

ASSUMPSIT, in the Fulton Circuit Court, brought by the plaintiff in error against the defendants in error upon the following instrument:

"Fulton County, Farmers precinct, Feb. 16, 1847.

Received of R. McKee, by the hand of L. Seeley, 15$ in part payment for 1500 bushels of good clear merchantable wheat at 55 cents per bushel, which I have this day sold to him and agree to deliver into the warehouse of Daniel March at Sparks Landing on the Illinois River, put up in sacks and in good shipping order, &c., the sacks to be fur-

ni'shed by said McKee as soon as they can be obtained from St. Louis. All of the wheat is to be delivered by the 1st day of April next, and the balance of the money to be paid in good current Missouri money on presenting the warehouse receipts to R. McKee or his order at Beardstown, Ills.

William Retter.
Jacob Retter."

The cause was tried before the Hon. Norman H. Purple, at the August term, 1848, upon a demurrer to the declaration, when the same was sustained, and a judgment rendered in favor of the defendants for costs.

*R. S. Blackwell*, for the plaintiff in error.

1. The delivery of the sacks was not a condition precedent. Where a covenant or promise goes only to a part of the consideration of the contract, and a breach may be paid for in damages, it is an independent covenant or promise, and an action lies without averring a performance. *Porridge* v. *Cole*, 1 Saund. 320, *b* note; 1 Chitty's Pl. 355; *Duke of St. Albans* v. *Shore*, 1 H. Black. 278–9; *Campbell* v. *Jones*, 6 T. R. 570; *Ritchie* v. *Atkinson*, 10 East, 306; *Havelock* v. *Geddes*, ib. 562–4; *Davidson* v. *Gwynne*, 12 do. 388–9; *Stevens* v. *Curling*, 32 Eng. Com. Law R. 153; *Fishmonger's Co.* v. *Robertson*, 44 do. 112; *Brunett* v. *Pixley*, 1 Johns. 250; *Fothergill* v. *Walton*, 8 Taunt. 576.

2. Where the performance of a consideration precedent is prevented or dispensed with by the conduct of the defendant, plaintiff need not aver performance in his declaration.

*H. M. Wead*, for the defendants in error.

1. He who wishes to avail himself of a contract containing conditions precedent, on his part to be performed, must plead and prove performance of those conditions precedent. 8 East, 437; *Smith* v. *Wilson*, 1 Saund. 320, *b;* 3 Comyn's Dig. 92, note; 1 Powell on Con. 417, 421; 8 New Hamp. 213; *Clement* v. *Clement*, 3 Mass. 106; *Little* v. *Frost*, 5 do. 321.

2. Is this a condition precedent? 1 Saund. 320, *b*; *Ritchie* v. *Atkinson*, 10 East, 306; *Faxon* v. *Mansfield*, 2 Mass. 147; *Buckley* v. *Brainard*, 2 Root, 5; 9 Mass. 78; 2 Johns. 145; *Cunningham* v. *Morrill*, 10 Johns. 203; 1 Blackf. 314; 2 do. 151; *Clement* v. *Clement*, 8 New Hamp. 210; *Downer* v. *Frizzle*, 10 Verm. 541; *Mill Dam Foundery* v. *Hovey*, 21 Pick. 417.

3. No sufficient performance or excuse for non-performance is alleged in the declaration.

The Opinion of the Court was delivered by

CATON, J. The sufficiency of the first count in this declaration depends upon the construction to be given to the agreement declared on. By that agreement, the defendants sold to the plaintiffs 1500 bushels of good merchantable wheat, at a certain price, and to be delivered at a certain place by the first day of April, 1847, put up in sacks, and in good shipping order, the sacks to be furnished by the plaintiff as soon as they could be obtained from St. Louis. Was the furnishing of the sacks a condition precedent to the delivery of the wheat? It was precedent to the sacking of the wheat, of course. But because for the want of the sacks to be furnished by the plaintiff the defendants could not put the wheat in the condition contemplated by the bill of sale, should they be allowed to say that they would not deliver it at all? Should they be allowed to complain because they were not put to the trouble of sacking the wheat? If the use of the sacks would have been an accommodation to the defendants, they might have been justified in furnishing them themselves, and charging the amount to the plaintiff. It hardly would be conformable to the principles of justice, to allow the defendants to avoid the contract altogether, on account of so insignificant a failure by the plaintiff, as compared with the principal objects of the contract. Suppose they had received payment in full, instead of payment in part, as was the case, should the defendants be allowed to say, that because they could not sack the wheat, they would not even deliver it in bulk, but would keep it altogether?

The principle would be the same, whether the payment had been made in whole or only in part. The non-delivery of the sacks was to the detriment of the plaintiff rather than of the defendants, for it excused them from sacking the wheat, and entitled them to full compensation without performance in that particular. The furnishing of the sacks was precedent to the sacking of the wheat, but not to the delivery. They might deliver it without the sacks, although not in as good a condition as if the plaintiff had furnished the facilities which he had agreed to. In construing this agreement, like all others, we must look at the sense and reason of the thing, in order to determine whether the furnishing of the sacks was a condition precedent to any part of the performance by the defendants. So far as the acts to be done by the plaintiff were necessary to enable the defendants to perform, they were precedent, and no further. This we think is reasonable and sensible, and is much more conformable to the spirit of the agreement and the ends of justice, than it would be to say, that because by reason of the neglect of the plaintiff, the defendants were prevented from performing some of the minor parts of their agreement, they should be excused from performing any. We cannot concur in the reasonableness of such a construction, by which the defendants might have received the full pay for their wheat, and still kept it themselves, and that too, because they were not called upon to do as much as they had agreed to.

The second count is substantially the same as the first, only it goes further, and avers that the defendants sold the wheat to another before the time agreed upon for the delivery to the plaintiff; but it is unnecessary to discuss the effect of this averment, as the count shows a right in the plaintiff to recover without it.

The judgment of the Circuit Court is reversed with costs, and the cause remanded.

*Judgment reversed.*